# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY PITTSENBARGER, | CASE NO. 07 CV 2235 DAD - PS |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| v. | |
| UNIVERSITY OF CALIFORNIA, DAVIS, | Date: April 3, 2009 |
| Defendant. | Time: 10:00 a.m. |
| | Ctrm: 27 |
| | Complaint Filed: 07/05/2007 |

Defendant Regents of the University of California (erroneously sued as University of California, Davis) filed a Motion for Summary Judgment or, in the Alternative, Summary Adjudication as to all claims in Plaintiff's Complaint which alleged employment discrimination based on unequal pay under Title VII of the 1964 Civil Rights Act. (Doc. No. 26.) Plaintiff Jerry Pittsenbarger did not file an Opposition to the Motion. The Motion was heard on April 3, 2009, with Defendant appearing through counsel, David P.E. Burkett of Porter Scott. Plaintiff did not appear at that time. (Doc. No. 35.) On April 6, 2009, plaintiff did submit a letter to the court in which she explained that she could not obtain counsel, did not have the legal skills necessary to represent herself any further in this action

and had obtained employment in North Dakota, presumably making her continued pursuit of this action impossible. (Doc. No. 36.) Plaintiff expressed no opposition to the granting of the motion pending before the court. (Id.)

After reviewing the moving papers and the Court's file, the Court finds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. As discussed below, Defendant had legitimate, non-discriminatory reasons for the pay discrepancy at issue.

## Legitimate, Non-Discriminatory Reasons for the Pay Discrepancy.

Plaintiff was a Program Analyst VI, or Emergency Planner, hired by Defendant. (Doc. No. 33, Exhibit W [Complaint], ¶ 6.) She alleges an unlawful pay discrepancy based on the difference between her salary and the salary paid to two male Emergency Planners. (*Id.*) Defendant has demonstrated legitimate, non-discriminatory reasons based on the professional experience of the Emergency Planners for the pay discrepancy at issue.

Under the burden shifting framework articulated by *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792 (1973), a defendant who provides evidence of a legitimate, nondiscriminatory reason for the challenged action is entitled to summary judgment of a Title VII claim unless the plaintiff offers evidence that the proffered reason is a pretext for discrimination. Under the Equal Pay Act[1] employers are allowed to give higher salaries based on professional experience without violating the Equal Pay Act. *Stanley v. University of Southern California,* 13 F.3d 1313, 1322 (9th Cir. 1993) ["Employers may reward professional experience and education without violating the EPA"]; *see also Hein v. Oregon College of Education,* 718 F.2d 910, 920-21 (9th Cir. 1983) [case remanded for district court to consider evidence that pay discrepancy was based on male employee's more extensive professional experience].

Here, there are differences in the professional experience of the Emergency Planners justifying the pay discrepancy. Defendant offered evidence that only the skills, knowledge, and ability described

---

[1] When a Title VII wage discrimination claim is based on the theory that the plaintiff was denied equal pay for equal work, the Equal Pay Act standards apply. When the claim of discrimination is not based on an "equal work" theory, it must be analyzed separately under Title VII standards. *Gunther,* 623 F.2d at 1318. Here, the only claim is based on an "equal work" theory. (Doc. No. 33, Exhibit W [Complaint], ¶ 4 ["Defendant failed to pay women equal wages for equal work"].)

in the Emergency Planner position description could be considered in determining the salary of an Emergency Planner. (Doc. No. 28, Undisputed Material Fact (UMF) #21.) The two male emergency planners had respectively thirty years and twenty-seven years of experience relevant to the skills, knowledge, and ability set forth in the position description. (UMF #36 & 39.) Based on their extensive experience, the two male emergency planners were hired with salaries at the top of the applicable salary scale. (UMF #44 & 45.) By contrast, Plaintiff had only a little over two years of experience relevant to the skills, knowledge, and ability set forth in the position description. (UMF #26.) Based on her relatively limited experience, Plaintiff was hired at the midpoint of the salary scale. (UMF #48 & 49.) These facts demonstrate Plaintiff had less professional experience than her male co-workers, which is a legitimate, nondiscriminatory reason for the pay discrepancy.

Plaintiff has no offered evidence in opposition to defendant's motion for summary judgment and thus has not shown the proffered reasons are a pretext for discrimination. Therefore, there is no triable issue of material fact and Defendant is entitled to judgment as a matter of law on the merits of this case.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment or, in the Alternative, Summary Adjudication (Doc. No. 26) filed by Defendant Regents of the University of California (erroneously sued as University of California, Davis) is **GRANTED;**

2. A judgment of dismissal shall issue in favor of Defendant Regents of the University of California (erroneously sued as University of California, Davis) and against Plaintiff Jerry Pittsenbarger;

3. Both the Final Pretrial Conference set for June 12, 2009, and the jury trial set for September 14, 2009, are hereby vacated; and

4. The Clerk of the Court is directed to close this case.

Dated: May 14, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.consent/pittsenbarger.ord

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**
{00673346.DOC}

*PITTSENBARGER v. REGENTS OF THE UNIVERSITY OF CALIFORNIA*
U.S.D.C. – Eastern District of California, Case No: 07 CV 2235 DAD – PS

---

## DECLARATION OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 350 University Avenue, Suite 200, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following:

**[PROPOSED] ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

\_\_\_\_\_ BY MAIL. I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.

\_\_\_\_\_ BY PERSONAL SERVICE. I caused such document to be delivered by hand to the office of the person(s) listed below.

**XXX** **BY OVERNIGHT DELIVERY**. I caused such document to be delivered by overnight delivery to the address of the person(s) listed below.

\_\_\_\_\_ VIA ELECTRONIC SERVICE.

addressed as follows:

Jerry Pittsenbarger
106 Edgewater Court
Hendersonville, TN 37075

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on April \_\_\_\_\_, 2009.

_____
Cindy Cannon